**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PROFESSIONAL SOLUTIONS ) | |
| INSURANCE COMPANY ) | |
| Plaintiff, ) | |
| ) | Civil action no. |
| v. ) | |
| ) | |
| DR. ROBERT NOVEN and MICHAEL ) | |
| TALLON. ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Professional Solutions Insurance Company ("PSIC"), for its Complaint for Declaratory Relief against Dr. Robert Noven ("Dr. Noven") and Michael Tallon ("Tallon"), states as follows:

**INTRODUCTION**

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of resolving an actual controversy between PSIC on the one hand, and Dr. Noven and Tallon on the other hand, arising out of a professional liability insurance policy issued by PSIC.

2. PSIC seeks a declaration that it has no duty to defend or indemnify Dr. Noven under the insurance policy for an underlying action entitled, *Tallon v. United Airlines, et al.,* filed on July 3, 2025, case no. 1:25-cv-07529, pending in the United States District Court for the Northern District of Illinois, **Dkt. #1** (the "Underlying Lawsuit").

**PARTIES**

3. PSIC is an insurance company incorporated under the laws of the State of Iowa with its principal place of business located in Clive, Iowa.

1

4. Dr. Noven is a resident of Illinois who has his principal place of business in Chicago, Illinois.

5. Tallon is the plaintiff in the Underlying Lawsuit, where he alleges he is a resident of Jamestown, New York.

6. Tallon is added as necessary party. "Where questions of liability insurance coverage are litigated, claimants against the insured are ordinarily necessary parties to the action." *Flashner Medical Partnership v. Marketing Management, Inc.*, 189 Ill. App. 3d 45, 53 (1st Dist. 1989). Tort claimants have interests in the outcome of the litigation because "a declaration of noncoverage would eliminate a source of funds." *Id.* at 54.; see also, *Great W. Cas. Co. v. Mayorga*, 342 F.3d 816, 817 (7th Cir. 2003) ("Under Illinois law, the tort claimant is a necessary party to a suit to determine coverage."); and *Westport Ins. Corp. v. M.L. Sullivan Ins. Agency, Inc.*, No. 15 C 7294, 2017 WL 56635 at *1 (N.D. Ill. Jan. 5, 2017) ("Illinois law requires an insurer in a coverage suit to name the underlying plaintiff as a defendant").

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000 exclusive of interest and costs, and there is complete diversity between the parties.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events on which PSIC's claim is based occurred in this District and the Underlying Lawsuit was filed in this District.

## FACTUAL ALLEGATIONS

### The Insurance Policy

9. PSIC issued a "Medical Professional Liability Insurance" policy to Dr. Noven as the named insured, policy number PMD0001032844, effective June 1, 2025 to June 1, 2026. The policy offered several types of coverage; however, the only section of the policy at issue here is the Professional Liability Insurance Policy (Physicians & Surgeons Malpractice)" section. A true and accurate copy of the Declarations, Endorsements and Physicians & Surgeons Malpractice section is attached hereto as **Exhibit 1** and hereafter referred to as "the Policy." The premium amount and address of Dr. Noven are redacted on the basis they contain sensitive information.

10. The Policy carries a policy limit of $1,000,000 per claim and $3,000,000 in the aggregate.

### The Coverage Correspondence

11. In a letter dated August 7, 2025, attached as **Exhibit 2**, PSIC responded to Dr. Noven's request for insurance coverage. ("PSIC's Coverage Correspondence") PSIC denied any obligation to indemnify Dr. Noven on the grounds "that the claims asserted in the Complaint either fall outside the scope of the Policy's coverage agreement and are otherwise excluded." PSIC then specified why this was so.

12. In PSIC's Coverage Correspondence, it also declined any duty to defend Dr. Noven, on the grounds that "the Complaint does not allege an 'injury' as defined and covered under the Policy." *Id.*

13. After setting forth its coverage position, PSIC's Coverage Correspondence stated:

> PSIC respectfully requests that you confirm whether you agree or disagree with the coverage position stated in this letter. If you agree, we ask that you formally withdraw your tender of the Complaint under the Policy in writing **within 21 days of the date of this letter**

3

>**(i.e., no later than the close of business on August 28, 2025).** If you do not withdraw your tender, PSIC reserves the right to initiate a declaratory judgment action to establish that it has no duty to defend or indemnify you under the Policy. (Emphasis in original.) *Id.*

14. Despite several follow-up requests, as of the time this Complaint was filed, neither Dr. Noven nor his counsel responded to PSIC's above requests.

### The Underlying Lawsuit

15. On July 3, 2025, Tallon filed the Underlying Lawsuit against Dr. Noven.

16. Paragraph I, Introduction, of the Complaint in the Underlying Lawsuit summarizes the allegations and states:

> "This action arises from a systematic campaign of retaliation, coercion, and abuse United Airlines ("United") and Air Line Pilots Association, International ("ALPA") perpetrated against Michael Tallon ("Plaintiff"), a senior United Airlines Captain, following a workplace head injury in June 2023. Instead of providing the Federal Aviation Administration's ("FAA") mandated treatment protocol for a serious head injury, United and ALPA (collectively the "Defendants") forced Plaintiff into a medically unnecessary substance abuse program. This coercion occurred despite overwhelming evidence that Plaintiff did not meet any diagnostic criteria for alcohol use disorder or substance dependency. Defendants' conduct violated Plaintiff's rights under federal law, including the Wendell H. Ford Aviation and Investment Reform Act for the 21st Century ("AIR21") (49 U.S.C. § 42121)[1], the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 et seq.), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. § 1001 et seq.), and Illinois common law." (**Dkt. #1**, pp. 1-2.)

17. The Complaint in the Underlying Lawsuit asserts six total counts, two of which apply to Dr. Noven as a defendant, as follows, at (**Dkt. #1**, pp. 20-21:

### "COUNT V
### FRAUD AND CONSPIRACY TO DEFRAUD
### (Against United ALPA and Dr. Noven)

116. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

4

117. Defendants knowingly submitted false records and insurance claims to Aetna and FAA, describing Plaintiff as alcohol dependent when overwhelming medical evidence showed otherwise.

118. The FAA relied on these representations to Plaintiff's detriment, resulting in loss of income, benefits, and professional standing.

119. Dr. Noven, through back channels at the FAA charged Plaintiff with alcohol dependence despite all evidence to the contrary.

120. The Defendants' actions caused Plaintiff harm.

### OUNT VI
### INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIP
### (Against Dr. Noven)

121. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

122. Dr. Noven, through back channels at the FAA charged Plaintiff with alcohol dependence despite all evidence to the contrary.

123. The day after Dr. Noven's FAA report, the FAA reached out to Plaintiff to say his previously unrestricted medical certificate was under review. Dr. Noven interfered with Plaintiff's relationship with his employer and the government licensing agency upon which his certification and licenses depend. This caused Plaintiff damages."

18. In his Prayer for Relief, Plaintiff requests that the Court enter judgment in his favor and, among other relief, award "compensatory damages for lost wages, emotional distress, reputational harm, and benefits," and punitive damages.

### COUNT I
### (Declaratory Judgment – No Duty to Indemnify Dr. Noven)

19. PSIC repeats and realleges paragraphs 1-18 as if fully set forth herein.

20. The Policy contains a Coverage Agreement at Section II, which provides:

Within the limit of liability shown on the Declarations and/or Schedule of Insureds, we will pay on behalf of an insured all sums in excess of the deductible to which this insurance applies and for which an insured becomes legally obligated to pay as damages because of an injury. The injury must be caused by an accident arising from an incident which occurred on or after the retroactive date and before this policy or coverage for an insured terminates.

5

> Any claim associated with an injury caused by an incident must be first reported to us in writing during the policy period, the Automatic Extended Reporting Period, or the Extended Reporting Period, if applicable. The injury must also be caused by an insured under this policy.

**Exhibit 1**, p. 4.

21. The Policy defines "Claim," in relevant part, as "a written demand for money or services arising from an alleged injury to which this insurance applies and which is not otherwise excluded by the terms and conditions of the policy." *Id*., p. 3.

22. The Policy defines "Damages," in relevant part, as "the monetary portion of any judgment, award, or settlement." *Id*.,

23. The Policy defines "Incident," in relevant part, as "[a]ny negligent act, error or omission, act or error in the providing of professional services." *Id*., pp. 3-4.

24. The Policy defines "Injury," in relevant part, as "bodily injury, sickness, disease or death sustained by any one person." *Id*., p. 4.

25. The Policy also sets forth the following Exclusions in Section VII relevant to Dr. Noven's claim for insurance coverage. Specifically, "[d]espite any other provision of this policy, this policy does not apply to any claim arising out of, based upon or attributable to any of the following":

> 5.d.ii. "Allegations arising out of or related to: an insured's alleged or actual involvement in any: Agreement or conspiracy to restrain trade."
>
> 11. "The intentional infliction of injury."
>
> 12. "False imprisonment, false arrest, malicious prosecution, libel, slander, defamation, invasion of privacy or discrimination."

*Id*., pp. 7-8. Hereafter collectively referred to as "the Exclusions."

6

26. There is no coverage under the policy because the allegations asserted in the Complaint either fall outside the scope of the Policy's coverage agreement and are otherwise excluded.

27. First, Section II of the Policy requires that coverage be triggered by an "accident." The Underlying Lawsuit alleges intentional conduct by Dr. Noven, not accidental acts. Counts V and VI are premised entirely on deliberate actions, which fall outside the scope of coverage. As such, for this reason alone, there is no indemnity coverage for the Underlying Lawsuit under the Policy.

28. Second, Section II also requires that the alleged conduct involve a "negligent act, error, or omission." The Complaint contains no such allegations against Dr. Noven. Instead, the claims against Dr. Noven are based entirely on intentional actions, which do not meet the Policy's threshold for coverage. As such, for this reason alone, there is no indemnity coverage for the Underlying Lawsuit under the Policy.

29. Third, the Policy defines "injury" as "bodily injury, sickness, disease, or death sustained by any one person." The claims asserted against Dr. Noven—particularly in Count V—allege "harm" (¶126), "loss of income, benefits, and professional standing" (¶124), and participation in a scheme to submit fraudulent insurance claims and records (¶123). Count VI further alleges interference with Tallon's professional relationships and licensing status (¶129), resulting in alleged damages. The Complaint's prayer for relief includes lost wages, emotional distress, reputational harm, and loss of benefits. None of the above alleged damages fall within the Policy's definition of "injury," as they do not involve bodily harm, sickness, disease, or death. **Exhibit 1**, p. 4. Accordingly, for these reasons alone, there is no indemnity coverage for the Underlying Lawsuit under the Policy.

30. Fourth, the Policy's exclusions bar defense coverage for the Underlying Lawsuit, as Tallon alleges that Dr. Noven acted intentionally—both individually and in concert with other defendants—in a manner that impaired Tallon's ability to practice his profession. Accordingly, based on these allegations alone, there is no indemnity coverage available under the Policy for the Underlying Lawsuit.

31. Finally, the Complaint seeks punitive damages. The Policy's Damages provision expressly precludes coverage for the monetary portion of any judgment, award, or settlement that constitutes punitive damages.

32. WHEREFORE, Professional Solutions Insurance Company respectfully requests that this Honorable Court:

    a. declare that PSIC does not owe a duty to indemnify to Dr. Noven under the Policy for the Underlying Lawsuit; and

    b. grant any other relief this Honorable Court deems just and proper.

## COUNT II
**(Declaratory Judgment – No Duty to Defend Dr. Noven under The Policy)**

33. PSIC repeats and realleges paragraphs 1-32 as if fully set forth herein.

34. The Policy also contains a Defense and Settlement Clause at Section III, which provides that:

> We have the right and duty to defend any claim or suit brought seeking damages against an insured for an injury covered by this policy. We have the right to appoint counsel and we may investigate any claim made or suit brought. With your written consent, we may settle any claim or suit as we believe may be proper. We shall not be obligated to pay any damages or to defend or continue to defend any suit after the limit of our liability is exhausted because of payment of judgments or settlements.

**Exhibit 2**, p. 5.

35. The Policy defines "injury" as "bodily injury, sickness, disease, or death sustained by any one person." **Exhibit 1**, p. 4. The Complaint does not allege any such injury attributable to Dr. Noven.

36. Specifically, the Complaint alleges, in Count V, that Dr. Noven's actions caused him "harm" (¶126), "loss of income, benefits, and professional standing" (¶124), and participation in a conspiracy to submit fraudulent insurance claims and records (¶123). Count VI further alleges interference with Tallon's professional relationships and licensing status (¶129), resulting in damages. The Complaint's prayer for relief includes lost wages, emotional distress, reputational harm, and loss of benefits. None of the above alleged damages fall within the Policy's definition of "injury," as they do not involve bodily harm, sickness, disease, or death. Accordingly, for these reasons alone, there is no defense coverage for the Underlying Lawsuit under the Policy.

37. Further, the Policy's exclusions bar defense coverage for the Underlying Lawsuit, as Tallon alleges that Dr. Noven acted intentionally—both individually and in concert with other defendants—in a manner that impaired Tallon's ability to practice his profession. Accordingly, based on these allegations alone, there is no defense coverage available under the Policy for the Underlying Lawsuit.

WHEREFORE, Professional Solutions Insurance Company respectfully requests that this Honorable Court:

    a. declare that PSIC does not owe a duty to defend Dr. Noven under the Policy for the Underlying Lawsuit; and

    b. grant any other relief this Honorable Court deems just and proper.

        Respectfully submitted,

        **LEWIS BRISBOIS BISGAARD & SMITH**

        By: __*/s/Josh M. Kantrow*_____
            One of the Attorneys for
            PSIC Insurance Company

Josh M. Kantrow (ARDC No. 6231027)
Cameron T. Liljestrand (ARDC No. 6336262)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Phone: (312) 345-1718 / Fax: (312) 345-1778
Josh.Kantrow@lewisbrisbois.com
Cameron.Liljestrand@lewisbrisbois.com